Yongmoon Kim, Esq.
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

Ronald I. LeVine, Esq.
Email: ron@ronlevinelaw.com
Eileen L. Linarducci, Esq.
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAUL A. AKEGNAN AND MAIMOUNAT TOURE AKEGNAN, *on behalf of themselves and those similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> TRINITY FINANCIAL SERVICES, LLC; LEOPOLD & ASSOCIATES LIMITED LIABILITY COMPANY; LEOPOLD & ASSOCIATES PLLC; SAUL O. LEOPOLD; DON A. MADDEN, III; and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No. <br><br><br> **CLASS ACTION COMPLAINT** |

Plaintiffs, Paul A. Akegnan and Maimounat Toure Akegnan, by way of Class Action

Complaint against Defendants Trinity Financial Services, LLC; Leopold & Associates Limited

Liability Company; Leopold & Associates PLLC; Saul O. Leopold, and Don A. Madden, III (and John Does 1 to 10) states:

## I. NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA against Plaintiffs and other New Jersey consumers by, *inter alia*, failing to effectively state the balance of the debt, misrepresenting the balance of the debt, and unlawfully inflating the amount of the debt.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III. PARTIES

5. Plaintiff Paul A. Akegnan is a natural person residing in Bergen County, New Jersey.

6. Plaintiff Maimounat Toure Akegnan is a natural person residing in Bergen County, New Jersey.

7. Defendant Trinity Financial Services, LLC, ("Trinity") is a collection agency with its principal place of address located at 610 Newport Center Drive, Suite 1150, Newport Beach, California 92660.

8. Defendant Leopold & Associates Limited Liability Company, ("L&A LLC") is a collection agency with its principal place of address located at 80 Business Park Drive, Suite 110, Armonk, New York 10504.

9. Defendant Leopold & Associates PLLC, ("L&A PLLC") is a collection agency with its principal place of address located at 90 East Halsey Road Suite 202a, Parsippany, New Jersey 07054.

10. Defendant Saul O. Leopold ("Leopold") is the managing member of L&A LLC.

11. Defendant Don A. Madden, III ("Madden") is the managing member of Trinity.

12. The Plaintiffs are informed and believe, and on that basis allege, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

13. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV. FACTS

**A. Background**

14. Defendants are not in the business of extending credit, selling goods or services to consumers.

15. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

16. The principal purpose of Defendants is the collection of debts.

17. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

18. At all times relevant hereto, Leopold, as a principal owner, officer, director, shareholder, and/or managing partner of L&A LLC, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by themselves and other employees of L&A LLC complained of herein.

19. At all times relevant hereto, Leopold, as a principal owner, officer, director, shareholder, and/or managing partner of L&A PLLC, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by themselves and other employees of L&A PLLC complained of herein.

20. At all times relevant hereto, Madden, as a principal owner, officer, director, shareholder, and/or managing partner of Trinity, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by themselves and other employees of Trinity complained of herein.

21. Defendants have asserted that Plaintiffs incurred or owed one or more financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiffs' personal, family, or household purposes. ("Debt" or "Account").

22. The Debts arose from one or more transactions which were primarily for the Plaintiffs' personal, family, or household purposes.

23. The debts alleged to be owed by Plaintiffs and those similarly situated were incurred for personal, family or household purposes.

24. Defendants contend that the Account was past-due and in default.

25. Defendants are debt collectors.

26. The Account was either transferred or assigned to Defendants for collecting the Debt.

27. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

28. Plaintiffs dispute the Debt.

**B. Misrepresentations Regarding the Balance of the Debt**

29. In attempts to collect the Debt allegedly owed by Plaintiffs, L&A PLLC mailed a collection letter to Plaintiffs on November 7, 2019 ("L&A PLLC Letter"). A true but redacted copy of the collection letters is attached as ***Exhibit A***.

30. Upon information and belief, this collection letter was the initial written communication from L&A PLLC to Plaintiffs.

31. Plaintiffs received and reviewed the collection letter.

32. The L&A PLLC Letter was sent by L&A LLC, L&A PLLC, and Leopold on behalf of, and at the direction of, Trinity and Madden.

33. The L&A PLLC Letter states on the first page: "the principal amount of $112,000.00 . . . ." However, the principal amount is less.

34. The L&A PLLC Letter further inflates the balance of the debt by assessing unlawful interest and late charges, stating that the total balance is $154,153.50 on the second page of the letter.

35. The L&A PLLC Letter then later contradicts itself by stating that "[t]he total amount of the debt is **$259,392.55** . . . ."

36. The L&A PLLC Letter also threatens "[b]e advised that additional interest and fees may have accrued since **NOVEMBER 25, 2019**, thereby increasing the amount of the debt."

37. The least sophisticated consumer would be uncertain as to amount of the debt.

38. The L&A PLLC Letter failed to clearly and accurately state the amount of the debt as required by the FDCPA.

39. On information and belief and contrary to the statement contained in the L&A PLLC Letter, Defendants are not legally permitted to add "Interest" or "Late Charges" or other fees to the Account.

40. On information and belief, contrary to the statements contained in the L&A PLLC Letter, at no time are Defendants or the creditor permitted to add "Interest" or "Late Charges" or other fees to consumer debts, which are similar to the Account, on which it seeks to collect.

41. On information and belief, Defendants and the creditor are not legally or contractually permitted to add "Interest" or "Late Charges" or other fees to the Account.

42. Defendants' statement that there are "Interest" or "Late Charges" or other fees is false, deceptive, and misleading to the least sophisticated consumer.

43. Such false statements makes the least sophisticated consumer uncertain as to the amount allegedly owed to the creditor, and uncertain as to how much additional interest would continue to accrue.

44. Defendants' false and misleading statements of adding "Interest" or "Late Charges" or other fees is a collection ploy and a deceptive tactic used to trick the least

sophisticated consumer that paying less than the full amount owed or not paying immediately would cause the balance to increase.

45. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g, and 1692g(a)(1).

46. Defendants used the same procedures that they employed in sending the collection letters to Plaintiffs when sending the same and/or similar letters to numerous other New Jersey consumers.

## V. CLASS ACTION ALLEGATIONS

47. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs bring this action on behalf of themselves and others similarly situated. Subject to discovery and further investigation which may cause Plaintiffs to narrow, expand or otherwise modify the following class definition at the time Plaintiffs move for class certification, Plaintiffs seek certification of a class initially defined as follows:

> All natural persons with an address in the State of New Jersey to whom, beginning November 7, 2019, through and including the final resolution of this case, Defendants sent one more letter(s) in attempts to collect a debt in the same or materially similar form as Exhibit A.

48. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing

definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letters.

49. Plaintiffs seek to recover statutory damages, attorneys' fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

50. The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

51. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendants are debt collectors under the FDCPA;

    B. Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g, and 1692g(a)(1); and

    C. Whether Plaintiffs and the class are entitled to damages.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

53. The claims of the Plaintiffs are typical of the claims of the members of the class.

54. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

55. Plaintiffs do not have interests antagonistic to those of the class.

56. The class, of which Plaintiffs are a member, is readily identifiable.

57. Plaintiffs will fairly and adequately protect the interests of the class, and have retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

58. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

59. Plaintiffs do not anticipate any difficulty in the management of this litigation.

## VI.   VIOLATIONS OF THE FDCPA

60. Plaintiffs reassert and incorporate herein the allegations contained in the preceding and following paragraphs.

61. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

62. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

63. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

64. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

65. The collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

66. Upon information and belief, the collection letter is an "initial communication" as understood by 15 U.S.C. § 1692g.

67. Defendants violated the FDCPA, including but not limited to the following:

    a. Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e (including 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10));

    b. Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f (including 15 U.S.C. § 1692f(1));

    c. Defendants failed to effectively state the amount of the debt, in violation of 15 U.S.C. §§ 1692g and 1692g(a)(1).

68. The violations of the FDCPA described herein constitute *per se* violations.

69. Based on any one or more of those violations, Defendants are liable to Plaintiffs for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

### VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Paul A. Akegnan and Maimounat Toure Akegnan, demand judgment against Defendants Trinity Financial Services, LLC; Leopold & Associates Limited Liability Company; Leopold & Associates PLLC; Saul O. Leopold, and Don A. Madden, III as follows:

    A. For certification of this instant matter as a class action, appointing the named Plaintiffs as representative of the class, and appointing the attorneys of Kim Law Firm LLC and The Law Office of Ronald I. LeVine, Esq. as class counsel;

    B. For statutory damages in favor of Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

    C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiffs or the Class a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiffs demand trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

Dated: November 9, 2020

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiffs*