<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAUL A. AKEGNAN AND MAIMOUNAT TOURE AKEGNAN, *on behalf of themselves and those similarly situated*,<br><br>    *Plaintiffs*,<br><br>v.<br><br><br>TRINITY FINANCIAL SERVICES, LLC; LEOPOLD & ASSOCIATES LIMITED LIABILITY COMPANY; LEOPOLD & ASSOCIATES PLLC; SAUL O. LEOPOLD; DON A. MADDEN, III; and JOHN DOES 1 to 10,<br><br>    *Defendants*. | Civil No. 2:20-15761 (KSH) (CLW)<br><br><br><br><u>OPINION</u> |

**Katharine S. Hayden, U.S.D.J.**

**I.   Introduction**

Plaintiffs Paul A. Akegnan and Maimounat Toure Akegnan have sued defendants Trinity Financial Services LLC and Don A. Madden III (the "Trinity defendants") and Leopold & Associates LLC, Leopold & Associates PLLC, and Saul O. Leopold (the "Leopold defendants") alleging that they sent plaintiffs and others similarly situated a debt collection letter that violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  The Leopold defendants have moved (D.E. 18) to dismiss the complaint under Rule 12(b)(6), and the Trinity defendants have moved (D.E. 24) for judgment on the pleadings under Rule 12(c).  The motions are fully briefed, and the Court decides them without oral argument.

## II. Background

### A. Factual Background

The facts are gleaned from the complaint (D.E. 1) and the debt collection letter (D.E. 1-1) attached to it. On November 14, 2005, plaintiffs executed a note secured by a mortgage on their property. (Collection Letter at 1.) At some point prior to November 2019, plaintiffs defaulted on their mortgage and their account was transferred to defendants for collection.[1] (Compl. ¶¶ 24-27.)

In an attempt to collect the debt, the Leopold defendants mailed plaintiffs a collection letter on November 7, 2019 "on behalf of, and at the direction of" the Trinity defendants.[2] (*Id.* ¶¶ 29, 32.) The letter, entitled "**NOTICE OF INTENTION TO FORECLOSE PURSUANT TO N.J.S.A. 2A:50-56**," states that the "principal amount of **$112,000.00**" is in default, assesses interest charges and late fees as of November 1, 2019, and lists $154,153.50 as the total "amount necessary to cure the default." (Collection Letter at 1-2; *see* Compl. ¶¶ 33-34.) The letter further advises plaintiffs of their right to cure the default by paying $154,153.50 on or before November 30, 2019 and provides a higher payment amount of $155,132.25 should plaintiffs cure after that date. (Collection Letter at 2.)

At the end of the collection letter is a notice entitled: "**NOTICE OF DEBT / DEBT VALIDATION NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C.A. SECTION 1692(g)**" (the "FDCPA notice"). (*Id.* at 9.) The FDCPA notice states that "[t]he total amount of the debt is **$259,392.55** [as] of **NOVEMBER**

---

[1] Defendants Trinity Financial Services LLC, Leopold & Associates LLC, and Leopold & Associates PLLC are debt collection agencies, and individual defendants Madden and Leopold are the managing members of those agencies. (*See* Compl. ¶¶ 7-11.)

[2] The debt collection letter lists defendant Trinity Financial Services, LLC as the "lender." (Collection Letter at 1.)

**25, 2019[]\***" and further advises that "additional interest and fees may have accrued since **NOVEMBER 25, 2019**, thereby increasing the amount of the debt." (*Id.*; *see* Compl. ¶¶ 35-36.) It also explains the correlation between the $259,392.55 listed therein and the lower total amount of $154,153.50 "necessary to cure the default" included earlier in the collection letter as follows:

> *\*UNDER THE NEW JERSEY FAIR FORECLOSURE ACT, N.J.S.A. 2A:50-53 ET SEQ, YOU HAVE THE RIGHT TO CURE AND REINSTATE THE LOAN BY PAYMENT OF AN ARREARAGE AMOUNT.  **THAT ARREARAGE AMOUNT IS SET FORTH IN THE NOTICE OF INTENTION TO FORECLOSE THAT APPEARS ON PAGES 1-6 OF THIS DOCUMENT.***

(Collection Letter at 9 (emphasis added).)

**B. Procedural History**

On November 9, 2020, plaintiffs filed their complaint on behalf of themselves and a class of similarly situated persons asserting violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g, and 1692g(a)(1). (Compl. ¶ 45.) The Leopold defendants did not answer the complaint, and instead moved (D.E. 18) to dismiss it on March 5, 2021. The Trinity defendants answered the complaint on January 14, 2021 and amended their answer on March 12, 2021. (D.E. 5, 22.) On March 31, 2021, they moved (D.E. 24) for judgment on the pleadings under Rule 12(c).

In their motion to dismiss, the Leopold defendants argue that their collection letter does not violate the FDCPA because it: (i) accurately sets forth the amount of plaintiffs' debt; and (ii) utilizes language that cannot be considered false, deceptive, or misleading to the least sophisticated debtor. (D.E. 18-6, Leopold Moving Br.)[3] In support of the former argument, the

---

[3] Plaintiffs have not moved for class certification under Fed. R. Civ. P. 23. The Court's disposition, which results in dismissal of the named plaintiffs' claims, therefore makes it unnecessary to address defendants' arguments in support of dismissal of the class allegations in the complaint. (*See id.* at 12-13.)

3

Leopold defendants attach to their filing plaintiffs' promissory note and mortgage, which identify $112,000 as the principal amount of the debt—consistent with the amount listed in the collection letter—and provide for the assessment of interest charges and late fees.  (*See* D.E. 18-3, Promissory Note; *see also* D.E. 18-4, Mortgage).  Plaintiffs oppose the motion, arguing that the promissory note and mortgage should not be considered at the motion to dismiss stage and, even if they are, the complaint is sufficient under the liberal 12(b)(6) pleading standard.  However, plaintiffs concede that their pleadings "could be more substantive" and request leave to amend should the Court determine they are insufficient.  (D.E. 26, MTD Opp. Br.)  In reply, the Leopold defendants contend that any attempt to amend would be futile and request that the complaint be dismissed with prejudice.  (D.E. 27, Leopold Reply Br.)

In their motion for judgment on the pleadings, the Trinity defendants echo the substantive arguments raised by the Leopold defendants but further argue that the complaint fails provide them with notice of the claims against them as required by Fed. R. Civ. P. 8(a).  (D.E. 24-1, Trinity Moving Br; D.E. 29, Trinity Reply Br.)  In response, plaintiffs contend that the Trinity defendants, including defendant Madden in his individual capacity, can be held vicariously liable for the Leopold defendants' unlawful debt collection activities.  (D.E. 28, JOP Opp. Br.)

### III.     Relevant Standards

#### A.  Standards of Review

The standards of review for deciding a motion to dismiss under 12(b)(6) and a motion for judgment on the pleadings under 12(c) are substantively identical.  *See Hlista v. Safeguard Properties, LLC*, 649 F. App'x 217, 219 n. 4 (3d Cir. 2016) (equating 12(b)(6) and 12(c) standards of review)*; Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004) (same).  Accordingly, when deciding either motion, the Court must accept as true all allegations

in the complaint, as well as all reasonable inferences that can be drawn therefrom. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint must be viewed in the light most favorable to the plaintiff*, see Phillips v. County of Alleghany*, 515 F.3d 224, 231 (3d Cir. 2008), but the plaintiff must "plead more than the possibility of relief," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980) (when deciding Rule 12(c) motion, factual allegations must be viewed in the light most favorable to the nonmoving party). The Court will thus "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Where "matters outside the pleadings are presented to and not excluded by the court," the motion generally "must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). However, the Court may rely on documents that are "*integral to or explicitly relied* upon in the complaint" without converting the motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations and quotations omitted); *see Taggart v. Wells Fargo Home Mortg., Inc.*, 2010 WL 3769091, at *4 n. 5 (E.D. Pa. Sept. 27, 2010) (considering mortgage documents attached to motion to dismiss in FDCPA action, reasoning that a court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" (quoting *Miller v. Clinton Cnty.*, 544 F.3d 542, 550 (3d Cir. 2008))). "The rationale behind the exception is that, when a complaint refers to or relies on the document, 'the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.'" *Pero v. Int'l Bus. Machines Corp.*, 2014 WL 37233, at *2

(D.N.J. Jan. 2, 2014) (Debevoise, J.) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993)). Accordingly, the exception ensures that "a plaintiff with a legally deficient claim that is based on a particular document can[not] avoid dismissal of that claim by failing to attach the relied upon document." *Jeffrey Rapaport M.D., P.A. v. Robin S. Weingast & Assocs., Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012) (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426).

Here, the Leopold defendants have attached the applicable promissory note and mortgage to their motion to dismiss. Plaintiffs' FDCPA claims are inextricably tied to these documents; indeed, their allegations are premised on the purported discrepancies between the obligations and contractual rights set forth therein and those included in defendants' debt collection letter. Accordingly, the Court will consider the promissory note and mortgage on the instant motions, as the parties have not disputed their authenticity and they are integral to the allegations in the complaint.

### B. Fair Debt Collection Practices Act Standard

Congress enacted the FDCPA to protect consumers by eliminating "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Here, the parties dispute the fourth element: whether defendants' conduct as alleged violates Sections 1692e, 1692f, and 1692g of the FDCPA.

In determining whether a particular practice or action violates the FDCPA, courts routinely employ the "least sophisticated debtor" standard. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). This objective standard does not require the individual plaintiff to show actual injury, only that "the objective least sophisticated debtor" would have been "confused or misled." *Id.* at 419. Although the least sophisticated debtor standard is meant to protect consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (internal citations and quotations omitted). Accordingly, the standard protects both "the gullible as well as the shrewd" and "give[s] effect to the . . . intent" of the FDCPA. *Jensen*, 791 F.3d at 418 (quoting *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008)).

**IV.  Discussion**

    **A.  Viability of Plaintiffs' 15 U.S.C. §§ 1692e and 1692g Claims**

The Court turns first to the viability of plaintiffs' claims under 15 U.S.C. §§ 1692e and 1692g. 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiffs allege that the debt collection letter violates 15 U.S.C. §§ 1692e(2)(A), (5), and (10), which bar the following conduct:

(2) The false representation of –

    (A) the character, amount, or legal status of any debt.

    . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

7

. . .

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10).

Plaintiffs also assert a violation of 15 U.S.C. § 1692g, which provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing" certain information, unless the initial communication already included that information.[4] 15 U.S.C. § 1692g(a). More specifically, the initial communication must include:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §§ 1692g(a)(1)-(5).

The complaint alleges that the debt collection letter violates 15 U.S.C. §§ 1692e(2)(A), (5), and (10) and 1692g(a)(1) because it: (i) misstates the principal amount of the loan as

---

[4] The complaint alleges, and the parties do not appear to dispute, that the debt collection letter was an "initial communication" as understood by § 1692g. (*See* Compl. ¶¶ 30, 66.)

8

$112,000; (ii) unlawfully assesses interest charges and late fees; (iii) "threatens" that "additional interest and fees may have accrued" since the time at which the total debt was calculated; and (iv) includes a "total amount" in the FDCPA notice that is higher than the "total balance" listed earlier in the debt collection letter.  (Compl. ¶¶ 33-36.)

At the outset, the Court notes that plaintiffs' first two allegations are contradicted by the documentary evidence in the record which, as indicated *supra*, is properly before the Court.  The Leopold defendants have provided the Court with the applicable promissory note, which lists $112,000 as the principal amount of the loan and expressly provides for the assessment of interest charges and late fees.  (*See* Promissory Note ¶¶ 1, 2, 4.)  Accordingly, even under the lenient "least sophisticated debtor" standard, plaintiffs cannot plausibly allege that defendants falsely represented the amount of their debt in violation of 15 U.S.C. §§ 1692e(2)(A), (10) or 1692g(a)(1); nor can they allege that defendants threatened to take an illegal action in violation of 15 U.S.C. § 1692e(5).

The Court next turns to plaintiffs' third allegation—*i.e.*, that defendants' inclusion of language regarding "additional interest and fees" in the debt collection letter violates 15 U.S.C. §§ 1692e and 1692g.  Defendants draw the Court's attention to *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 876 (7th Cir. 2000), where the Seventh Circuit devised "safe harbor" language to aid debt collectors in fulfilling their duty to state the amount of the debt under § 1692g in cases like this one "where the amount varies from day to day."  That "safe harbor" language reads as follows:

> As of the date of this letter, you owe $___ [the exact amount due].  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write to the undersigned or call 1-800-[phone number].

9

*Id.* Though the "safe harbor" language has not yet been adopted by the Third Circuit, courts in this district have dismissed FDCPA claims where the relevant debt collection letters utilized similar "safe harbor" language. *See, e.g.*, *Rock v. Greenspoon Marder, LLP*, 2021 WL 248859, at *7 (D.N.J. Jan. 26, 2021) (Vazquez, J.) (dismissing claims under §§ 1692e and 1692g where debt collector "utilized the Safe Harbor language established in *Miller*").

Defendants argue, and plaintiffs do not appear to dispute, that the language in their debt collection letter "goes beyond the language in *Miller*." (Leopold Defs. Moving Br. at 9; Trinity Defs. Moving Br. at 9.) The letter advises plaintiffs that the amount needed to cure on or before November 30, 2019 was $154,153.50, an amount which included interest charges and late fees calculated through November 1, 2019, and further cautions that the higher amount of $155,132.25 would be due if payment was made after November 30, 2019. (*See* Collection Letter at 1-2.) The FDCPA notice includes a similar explanation, advising plaintiffs that "additional interest and fees may have accrued" since the date on which the total amount due was calculated, and providing a phone number plaintiffs could call to obtain "[t]he latest up-to-date balance of the debt." (*See id.* at 9.) The Court easily finds this language sufficient under *Miller*.

The remaining issue, then, is whether the debt collection letter violates 15 U.S.C. §§ 1692e and 1692g by listing differing "total amounts"—*i.e.*, the total amount needed to cure the default, and the total amount of the debt. The parties have not cited any case law in this Circuit addressing the issue, but defendants draw the Court's attention to the Second Circuit's decision in *Hayles v. Aspen Properties Grp., LLC*, 782 F. App'x 3 (2d Cir. 2019). There, the debt collector sent the debtor two letters—the first letter listed the "[t]otal [a]mount [d]ue, including all past due fees and costs," and the second letter listed a significantly higher "unpaid principal balance." *Id.* at 8. The Second Circuit held that the letters had adequately distinguished between

10

the two "total" amounts, reasoning that "these two numbers are quite clearly different amounts for different purposes, as stated in the letters themselves." *Id.* Accordingly, the Second Circuit found that the debtor had failed to plausibly allege that "the least sophisticated consumer, reading the [first letter] with some care, would have been misled by the [amount] stated therein." *Id.*

The Second Circuit's practical conclusion applies here. The debt collection letter (i) lists the "total" amount due as $154,153.50; (ii) clarifies that the "total" amount due is comprised of the "principal amount" of the loan, interest charges, and late fees; and (iii) clearly advises plaintiffs of their right to cure the default "by paying **$154,153.50** [on] or before **NOVEMBER 30, 2019**." (Collection Letter at 1-2.) Although the FDCPA notice included at the end of the letter states that the "total amount of the debt is **$259,392.55**," it explains—in bolded, uppercase lettering separated with an asterisk—that plaintiffs have the right to cure that "total amount" of their debt by paying the arrearage amount included earlier in the letter. (*Id.* at 9.) The Court, "presuming a basic level of understanding and willingness to read with care," *Wilson*, 225 F.3d at 354-55, thus finds that the least sophisticated debtor would have recognized that the two "total amounts" are "quite clearly different amounts for different purposes," *Hayles*, 782 F. App'x at 8.

In sum, even under the lenient "least sophisticated debtor" standard, the complaint fails to allege any violation of 15 U.S.C. §§ 1692e or 1692g.

### B. Viability of Plaintiffs' 15 U.S.C. § 1692f Claim

Defendants next argue that plaintiffs have failed to set forth a viable 15 U.S.C. § 1692f claim. 15 U.S.C. § 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." It further provides a non-exhaustive list of conduct that is deemed "unfair or unconscionable." *See* 15 U.S.C. §§ 1692f(1)-(8). Plaintiffs

11

claim that defendants' conduct generally violates 15 U.S.C. § 1692f, but specifically mentions § 1692f(1) which prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

As a preliminary matter, plaintiffs cannot plausibly allege that defendants sought to collect an unauthorized amount. The complaint alleges that the debt collection letter misstates the "principal amount" of the debt and unlawfully assesses interest charges and late fees but, as explained *supra*, plaintiffs' promissory note lists a "principal amount" of $112,000—the amount included in the debt collection letter—and provides for the assessment of interest charges and late fees. (*See* Promissory Note ¶¶ 1, 2, 4.) For that reason alone, plaintiffs' 15 U.S.C. § 1692f(1) claim fails.

Furthermore, plaintiffs' 15 U.S.C. § 1692f claim appears to be premised on the same conduct alleged in support of their 15 U.S.C. §§ 1692e and 1692g claims. Although 15 U.S.C. § 1692f serves as a "a catch-all provision for conduct that is unfair, but is not specifically enumerated in any other section of the FDCPA," it nonetheless "cannot be the basis for a separate claim for conduct that is already explicitly addressed by other sections of the FDCPA." *Corson v. Accts. Receivable Mgmt., Inc.*, 2013 WL 4047577, at *7 (D.N.J. Aug. 9, 2013) (Irenas, J.) (internal citations omitted). Accordingly, courts "routinely dismiss § 1692f claims when a plaintiff 'does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA." *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013) (alterations in original) (quoting *Christy v. EOS CCA*, 905 F. Supp. 2d 648, 656 (E.D. Pa. 2012)); *see Garcia v. Portfolio Recovery Assocs., LLC*, 2018 WL 3218665, at *5 (D.N.J. June 29, 2018) (Hillman, J.) (dismissing 15 U.S.C. § 1692f claim that was duplicative of other FDCPA claims); *Rawlins v. Lyons, Doughty & Veldhuis, PC*, 2017 WL 2918917, at *4-5

(D.N.J. July 6, 2017) (Simandle, J.) (same). Accordingly, plaintiffs have failed to allege a violation of 15 U.S.C. § 1692f.[5]

### C. Amendment Futility

Having determined that the complaint fails to set forth a viable FDCPA claim, the Court next considers whether plaintiffs should be given the opportunity to amend the complaint. Rule 15(a)(2) provides that leave should be freely given "when justice so requires." Accordingly, "inadequate complaints should be dismissed without granting leave to amend only if the amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory*, 114 F.3d at 1434; *see Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (amendment would be futile "if the amended complaint would fail to state a claim for relief under Rule 12(b)(6)"). Although the FDCPA is a remedial statute that is to be construed broadly, *see Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006), courts in this Circuit have dismissed FDCPA claims with prejudice where amendment would be futile. *See Klotz*, 991 F.3d at 466 (district court did not abuse discretion in denying plaintiff's request for leave to amend for futility); *see also Guevara v. Client Servs., Inc.*, 2011 WL 5082251, at *3 (D.N.J. Oct. 26, 2011) (Chesler, J.) (dismissing deficient 15 U.S.C. § 1692e claim with prejudice).

Here, it does not appear that plaintiffs can amend their pleading to cure the defects noted herein given the contents of the promissory note that is properly before the Court on these motions. Plaintiffs argue that they should be granted leave to amend because their "pleadings

---

[5] Having determined that the debt collection letter does not violate the FDCPA, the Court need not reach the Trinity defendants' argument that plaintiffs failed to provide them with requisite notice under Fed. R. Civ. P. 8(a).

could be more substantive—especially when it comes to the events which justify [their] allegations that the principal is less than on the promissory note and Defendants did not have right to collect interest and fees." (MTD Opp. Br. at 9.) But the promissory note speaks for itself, and no curative amendment could remedy plaintiffs' faulty FDCPA allegations. Accordingly, the complaint will be dismissed with prejudice against all defendants.

## V.   Conclusion

For the foregoing reasons, defendants' motions are granted and the complaint is dismissed with prejudice. An appropriate order will issue.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

Date:  December 6, 2021